[Crim. No. 2787. Second Appellate District, Division One.—December 13, 1935.]

THE PEOPLE, Respondent, v. HARVEY S. McCLELLAND, Appellant.

Bruce Murchison and C. J. Enking for Appellant.

U. S. Webb, Attorney-General, and John O. Palstine, Deputy Attorney-General, for Respondent.

HOUSER, P. J.—Defendant appeals from a judgment of conviction of the crime of violating the provisions of section 112 of the California Vehicle Act, or as the offense is commonly known of "drunk driving of an automobile".

As a reason for the reversal of the judgment, it is urged by appellant that the deputy district attorney, who was in charge of the prosecution of defendant, was guilty of misconduct in that, on cross-examination of defendant, he not only inquired of him whether on a specified date he had not been arrested "for manslaughter and drunk", but also that upon objection to such question being sustained by the trial court, the deputy district attorney thereupon made the statement that he was prepared "to prove that he (defendant) has several times been drunk".

The theory upon which appellant presents his point is that (as he asserts) because the evidence produced by the prosecution was evenly balanced by that produced by the defendant, the effect of the criticized question and the statement was that it added weight to the evidence presented by the prosecution, and thus caused the jury to return its verdict of "guilty" against defendant.

The respective parties to this appeal are familiar with the evidence, and manifestly no useful purpose would be served by herein setting forth even a summary of it. However, it may suffice to state that, after giving such evidence careful consideration, this court is unable to agree with appellant in his contention that it was "evenly balanced". Indeed, our estimate of the evidence, as shown by the "cold record", is that both in quality and in quantity the evidence to the

618

effect that, within the meaning of the pertinent language of the statute, on the occasion in question defendant was intoxicated, at least preponderated over that adduced to the contrary.

It may be conceded that the deputy district attorney was guilty of misconduct; but in the premises, it is improbable that such error caused "a miscarriage of justice". (Sec. 4½, art. VI, Const.) That conclusion is reached, particularly in view of the fact that immediately following the question to which attention has been directed, the trial judge sustained an objection thereto and directed the jury to disregard it; also that without waiting for an objection to be made by defendant to the criticized statement made by the deputy district attorney, the trial judge remarked, "Sustain the objection. I admonish the jury to disregard that"; and that in addition thereto, in charging the jury, the trial court gave a special instruction that was devoted to a minute and thorough admonition to the effect that, if any evidence had been admitted and afterward stricken out, or if any counsel had intimated by question, which the court had not permitted to be answered, that certain things were, or were not, true, the jury must disregard such questions and refrain from any inferences based upon them; also that, if counsel upon either side had made any statements in the presence of the jury concerning the facts in the case, the jury must be careful not to regard such statements as evidence, but must look entirely to the proof in ascertaining what the facts were.

Of course, the jury is presumed to have been composed of persons that were possessed of at least average intelligence; and that, in consequence, the several instructions given to it by the trial court were not disregarded.

The judgment is affirmed.

York, J., and Doran, J., concurred.